**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| RACHEL MACIK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:14-cv-44 |
| | § | |
| | § | Complaint |
| JPMORGAN CHASE BANK, NATIONAL | § | And |
| ASSOCIATION; and EQUIFAX | § | |
| INFORMATION SERVICES, LLC; and | § | |
| TRANS UNION, LLC | § | |
| | § | Demand for Jury Trial |
| | § | |
| | § | |
| Defendants | § | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Rachel Macik (hereafter the "Plaintiff) by Counsel, Dennis McCarty and Phong Le, and for his complaint against the Defendants, alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for actual, statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act); actual, statutory, and exemplary damages, costs, attorneys fees pursuant to Tex. Bus. Com. Code §20

## JURISIDICTION AND VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), and 28 U.S.C. §1331

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred as well as a substantial part of the property that is subject to this action is located in this Judicial District.

## **PARTIES**

4. Plaintiff is a natural person and is a resident and citizen of Galveston County, the State of Texas, United States of America.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c)

5. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereafter Equifax) is a foreign For-Profit Corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.  Defendant is a "consumer reporting agency", as defined 15 U.S.C §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

6. Defendant, TRANS UNION LLC, (hereafter Trans Union) is a foreign For-Profit Corporation registered to do business in Texas, and may be served through its registered agent, Prentice Hall Corporation System, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties.

7. Defendant, JPMorgan Chase Bank (hereafter Chase or JPMorgan Chase) is

a foreign For-Profit Corporation registered to do business in Texas, and may be served

through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900,

Dallas, Tx 75201. Defendant is a "furnisher" of information, as defined by 15 U.S.C

§1681s(a)&(b), who regularly and in the ordinary course of business furnishes

information to one or more consumer reporting agencies about consumer transactions or

experiences with any consumers.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

9. Equifax did not follow reasonable procedures to assure maximum possible

accuracy and has been reporting false and inaccurate information even after it has known

or should have known the information was incorrect.

10. Trans Union did not follow reasonable procedures to assure maximum

possible accuracy and has been reporting false and inaccurate information even after it

has known or should have known the information was incorrect.

11. Chase did not provide a good faith investigation into the disputed account.

Plaintiff disputed the Chase account by and through her attorney with a dispute letter

dated September 3, 2013 to Trans Union and to Equifax, as required by the Fair Credit

Reporting Act. Chase verified the account.

12. Equifax did not provide a good faith investigation into the disputed account.

Plaintiff disputed the Chase account by and through her attorney with a dispute letter

dated September 3, 2013 to Equifax. Chase verified the account and Equifax continued to

report the account.

13. Trans Union did not provide a good faith investigation into the disputed account. Plaintiff disputed the Chase account by and through her attorney with a dispute letter dated September 3, 2013 to Trans Union.  Chase verified the account and Trans Union continued to report the account.

14.  It is on information and belief that Trans Union and Equifax did not consider or review any of the documents that was sent with her dispute letter.

15.  Plaintiff was 90 days past due in November 2009.

16.  Plaintiff paid off the Chase account in full in November 2009, bringing the account current as of that date.  The account was no longer past due as of November 25, 2009.

17.  The Chase account is currently reporting with Equifax with a "Status - 90-119 Days Past Due", even though it was paid off in November 2009 and showing a "0" balance.  It is impossible to have an account that is paid off in 2009, bringing the account current in 2009, with a "0" balance and still be currently 90-119 days past due as of October 2013, the time the account was verified and continued to report on Plaintiff's credit report.  Not only is it false on the face of the credit report but it is extremely misleading, making it look like that the Plaintiff is still late on her mortgage as evidenced by the DU Underwriting Findings dated 8/9/13, *please see* Exhibit A, explaining that Plaintiff lost the home loan due to the Chase account being past due by two or more months within the last 12 months prior to the credit report date.  Plaintiff was turned down for a home loan because the Chase account is reporting as being 90-119 days past due for two or more months within the last 12 months prior to 2013, even though it was paid off in 2009 and reporting a "0" balance. It is impossible for Plaintiff to make "$0"

payments to bring the account current.  Plaintiff can't close on a home loan with late
payments on a mortgage within the last 12 months, with this type of reporting, Plaintiff
will never be able to close on a home loan until this account completely drops off her
credit report in November 2019.

18. The Chase account is currently reporting with Trans Union with a "Pay Status
Account 90 days Past Due Date", even though it was paid off in November 2009 and
showing a "0" balance.  It is impossible to have the account that is paid off, bringing the
account current in 2009 with a "0" balance and still be currently 90 days past due as of
October 2013, the time the account was verified and continued to report on Plaintiff's
credit report.  Not only is it false on the face of the credit report but it is extremely
misleading, making it look like that the Plaintiff is still late on her mortgage as evidenced
by the DU Underwriting Findings dated 8/9/13, *please see* Exhibit A, explaining that
Plaintiff lost the home loan due to the Chase account being past due by two or more
months within the last 12 months prior to the credit report date. Plaintiff was turned down
for a home loan because the Chase account is reporting as being 90-119 days past due for
two or more months within the last 12 months prior to 2013, even though it was paid off
in 2009 and reporting a "0" balance. It is impossible for Plaintiff to make "$0" payments
to bring the account current.  Plaintiff can't close on a home loan with late payments on a
mortgage within the last 12 months, with this type of reporting, Plaintiff will never be
able to close on a home loan until this account completely drops off her credit report in
November 2019.

19.  This account is not only inaccurate but is also misleading, which the Fifth
Circuit has addressed.  The Fifth Circuit has ruled that a credit report is inaccurate on its

face if so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988)(a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely effect credit decisions").

20.   Trans Union and Equifax have a statutory duty to have reasonable procedures to assure maximum accuracy.  Their procedures regarding this reporting are not assuring accuracy, much less maximum accuracy.

21.   Chase did not conduct a good faith and reasonable investigation and did not delete or correct the false information but instead verified the information to Equifax and Trans Union.

22.   The reporting of this credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.  This information was furnished by Chase and reported by Equifax and Trans Union, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report, resulting in lowering Plaintiff's credit score and furthering Plaintiff's damages.  This false and misleading credit information as provided by Trans Union and Equifax was the sole cause of Plaintiff's home loan being denied.

23.   Plaintiff's credit reports, credit information and file formulated by Trans Union and Equifax's have been reviewed by known and unknown, prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by Chase and reported by Equifax and Trans Union is continuing to damage the Plaintiff's credit rating and a substantial factor in Plaintiff from taking advantage of

receiving the most favorable terms in financing and interest rates for credit offers as well as losing a home loan.

24.  As a result of Defendants Trans Union, Equifax and Chase's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

25. As a result of Defendants Trans Union, Equifax and Chase's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

26. At all times pertinent hereto, Defendants Trans Union, Equifax and Chase were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of the Defendants Trans Union, Equifax and Chase as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

28.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.  This suit is based upon the Defendants violation of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff suffered.

### *Count I: Fair Credit Reporting Act*

30.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31.  This suit is brought against Defendants as the damages made the basis of this suit were caused by their violation of the FCRA.  In all instances of violating the FCRA, Defendants did so willfully and/or negligently.  Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

(a)  Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000

(2) such amount of punitive damages as the court may allow; and

(3)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And, 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

(a )  Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(1)  any actual damages sustained by the consumer as a result of the failure; and

(2)  in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

32.  Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Equifax to reinvestigate this issue via a detailed dispute letter dated September 3, 2013.

33.  The dispute was detailed, thorough and informed Equifax of all of the relevant information regarding the inaccuracy of the account as well as attaching 3 documents, including the DU Underwriting Findings proving the account was being reported inaccurately.

34.  Equifax did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

35.  This account was paid off in November 2009 and Equifax is currently reporting Plaintiff has a "0" balance but is currently past due 90-119 days. It is impossible for Plaintiff to make "$0" payments to bring the account current. Plaintiff can't close on a home loan with late payments on a mortgage within the last 12 months, with this type of reporting, Plaintiff will never be able to close on a home loan until this account completely drops off her credit report in November 2019.

36.  Equifax was notified and made aware of the specific issues from the dispute letter, it should have been easy for Equifax to determine that the account was extremely inaccurate with the information it was given.

37.  If Equifax would have properly investigated the issue they should have determined that the account was paid off in 2009, with a "0" balance but still reports as if Plaintiff is currently 90-119 days late as specifically pointed out to them in the dispute letter.  This is not a complex issue to investigate.

38.  Plaintiff still to this day can not close on a home loan because Equifax didn't conduct a reasonable and good faith investigation and will continue to be damaged from their failure. Plaintiff first contacted Equifax and Trans Union in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter

dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on

information and belief that the account is still reporting inaccurately as of the date of this

filing. The Defendants Trans Union and Equifax have been aware of the inaccurate

reporting for one year when Plaintiff first contacted them and was re-disputed again in

September 2013 and have failed to correct, they are willfully violating both Federal and

State Reporting Acts.  Plaintiff was denied a home loan, as evidenced by the DU

Findings, because of Defendants Trans Union and Equifax's conduct.   Plaintiff would

have been qualified for the home loan if the account was reported accurately.

The section entitled  "Procedure in case of disputed accuracy" under 15 U.S.C.

§1681i(a)(1)(a) reads:

> (a)    Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
> (A) In general-- Subject to subjection (f), if the completeness or
> accuracy of any item of information contained in a consumer's file at a
> consumer reporting agency is disputed by the consumer and the
> consumer notifies the agency directly, or indirectly through a reseller,
> of such dispute, the agency shall, free of charge, conduct a reasonable
> reinvestigation to determine whether the disputed information is
> inaccurate and record the current status of the disputed information, or
> delete the item from the file in accordance with paragraph (5), before
> the end of the 30 day period beginning on the date on which the
> agency receives the notice of the dispute from the consumer or
> reseller.

39.  Trans Union violated its duty under 15 U.S.C. §1681i(a)(1)(a) to conduct a

good faith investigation into Plaintiff's notice of dispute. Plaintiff has requested Trans

Union to reinvestigate this issue via a detailed dispute letter dated September 3, 2013.

40.  The dispute was detailed, thorough and informed Trans Union of all of the relevant information regarding the account as well as attaching 3 documents, including the DU Underwriting Findings proving the account was being reported inaccurately.

41.  Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute.

42.  This account was paid off in November 2009 and Trans Union is reporting Plaintiff has a "0" balance and but is currently past due 90 days. It is impossible for Plaintiff to make "$0" payments to bring the account current. Plaintiff can't close on a home loan with late payments on a mortgage within the last 12 months, with this type of reporting, Plaintiff will never be able to close on a home loan until this account completely drops off her credit report in November 2019.

43.   Trans Union was notified and made aware of the specific issue from the dispute letter, it should have been easy for Trans Union to determine that the account was extremely inaccurate with the information it was given.

44.  If Trans Union would have properly investigated the issue they should have determined that the account was paid off in 2009, with a "0" balance but still reports as if Plaintiff is currently 90 days late as specifically pointed out to them in the dispute letter. This is not a complex issue to investigate.

45.  Plaintiff still to this day can not close on a home loan because Trans Union didn't conduct a reasonable and good faith investigation and will continue to be damaged from their failure. Plaintiff first contacted Equifax and Trans Union in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on

11

information and belief that the account is still reporting inaccurately as of the date of this

filing. The Defendants Trans Union and Equifax have been aware of the inaccurate

reporting for one year when Plaintiff first contacted them and was re-disputed again in

September 2013 and have failed to correct, they are willfully violating both Federal and

State Reporting Acts.  Plaintiff was denied a home loan, as evidenced by the DU

Findings, because of Defendants Trans Union and Equifax's conduct.   Plaintiff would

have been qualified for the home loan if the account was reported accurately.


The section entitled  "Procedure in case of disputed accuracy" under 15 U.S.C.

§1681i(a)(1)(a) reads:


    (a)   Reinvestigations in case disputed information

    (1) Reinvestigation required

      (A) In general-- Subject to subjection (f), if the completeness or
accuracy of any item of information contained in a consumer's file at a
consumer reporting agency is disputed by the consumer and the
consumer notifies the agency directly, or indirectly through a reseller,
of such dispute, the agency shall, free of charge, conduct a reasonable
reinvestigation to determine whether the disputed information is
inaccurate and record the current status of the disputed information, or
delete the item from the file in accordance with paragraph (5), before
the end of the 30 day period beginning on the date on which the
agency receives the notice of the dispute from the consumer or
reseller.

   46.  Chase violated its duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable and

good faith investigation into Plaintiff's notice of dispute and failing to delete or correct

the inaccurate information. After receiving a dispute notice from Equifax and Trans

Union, Chase did not conduct a complete, accurate or reasonable investigation into the

disputed issue.  Chase verified the inaccurate information that was disputed from a

detailed and thorough dispute letter dated September 3, 2013. Chase should have discovered that the information they are providing the Credit Bureaus was not accurate. Chase knew of their current faulty reporting, as evidenced by a letter they sent Plaintiff dated June 26, 2013, that Plaintiff paid her loan off November 25, 2009 and that her "August 2009 to November 2009 monthly payments were satisfied". Chase's letter specifically states, "We verified your August 2009 through November 2009 monthly payments were satisfied when your loan was paid in full as of November 25, 2009, resulting in a past-due status." The past-due status Chase is referring to are the missed payments in 2009, but they are reporting that Plaintiff is now and currently missing payments for the last 90-119 days as of the date of the filing, which is completely false and is evidenced by the DU Underwriting Findings dated 8/9/13, explaining that Plaintiff lost the home loan due to the Chase account being past due by two or more months within the last 12 months prior to the credit report date. Plaintiff was turned down for a home loan because the Chase account is reporting as being 90-119 days past due for two or more months within the last 12 months prior to 2013, even though it was paid off in 2009 and reporting a "0" balance. It is impossible for Plaintiff to make "$0" payments to bring the account current. Plaintiff can't close on a home loan with late payments on a mortgage within the last 12 months, with this type of reporting, Plaintiff will never be able to close on a home loan until this account completely drops off her credit report in November 2019. Chase further stated in the June 26, 2013 letter that they pulled Plaintiff's credit report fro Equifax, Experian, Innovis, and Trans Union to confirm that reporting. Chase knew of the inaccurate reporting and failed to correct.

47.  The current reporting on Plaintiff's credit report shows that she is currently 90-119 days late as reported by Equifax and currently 90 days late as reported by Trans Union, more than four (4) years after the account was paid off, satisfied and made current.  There isn't anything that Plaintiff can do at this point to make this account current, she will be reported as, currently 90 plus days late on her mortgage each and every month until it drops off her credit report in November 2019, when in reality, Plaintiff made her account current in 2009. Plaintiff first contacted Chase in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on information and belief that the account is still reporting inaccurately as of the date of this filing. The Defendant Chase has been aware of the inaccurate reporting for one year when Plaintiff first notified them and then re-disputed in September 2013 and have failed to correct, they are willfully violating the Federal Reporting Act.  Plaintiff was denied a home loan, as evidenced by the DU Findings, because of Chase's conduct.   Plaintiff would have been qualified for the home loan if the account was reported accurately.


48.   Plaintiff was denied a home loan because of this faulty reporting. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

(1)  After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall

(A) conduct an investigation with respect to the disputed information:

(B)  review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

14

    (C)  report the results of the investigation to the consumer reporting agency;

    (D)  <u>if</u> the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.

    (E)  if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly
            (i)      modify that item of information
            (ii)     delete that item of information
            (iii)    permanently block the reporting of that item of information

49. Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

50. Plaintiff paid off her mortgage with Chase in November 2009.

51. Equifax is reporting that her Chase account is currently past due 90-119 days.

52. If Equifax had reasonable procedures, it would not allow an account to report as though the account is currently 90-119 days past due, with a "0" balance, four (4) years after the account was paid off and brought current. This account is reporting as though Plaintiff is currently 90 plus days past due, each and every month. With this type of reporting, Plaintiff will never be able to make this account current for the required 12 months that it takes to be qualified for a home loan. DU Underwriting Findings, dated 8/9/2013, proves that this Chase account reports that Plaintiff is 90 plus days late as of 8/9/2013, even though the account was paid off and made current over four (4) years ago on November 25, 2009. Equifax lacks the procedures to avoid such faulty reporting.

Equifax knows that this account was paid because their own "activity designator" states "paid and closed" with a "date closed" as of "11/2009", however, they continue to report a current status of 90-119 days past due, causing Plaintiff to lose a home.

53.   Equifax's investigation process also lacks reasonable procedures.  It is on information and belief that Equifax's investigation process into this dispute was nothing more than that they sent an ACDV to Chase to "verify" account information and continued to report bad credit information that Chase responded with.  The Fifth Circuit has made it clear that an ACDV/CDV is an inadequate investigation tool and does not rise to the level of investigation that Congress intended.  *Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993).*

54.   The ACDV/CDV is nothing more than a verification, not an investigation. In addition to Equifax's lack of reporting procedures that would allow such an erroneous reporting but that Equifax's investigation process lacks the proper procedures as well. Plaintiff first contacted Equifax and Trans Union in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on information and belief that the account is still reporting inaccurately as of the date of this filing. The Defendants Trans Union and Equifax have been aware of the inaccurate reporting for one year when Plaintiff first contacted them and was re-disputed again in September 2013 and have failed to correct, they are willfully violating both Federal and State Reporting Acts.  Plaintiff was denied a home loan, as evidenced by the DU Findings, because of Defendants Trans Union and Equifax's conduct.   Plaintiff would have been qualified for the home loan if the account was reported accurately.

16

Under 15 U.S.C. §1681e(b) reads:

> (b )  Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it
> shall follow reasonable procedures as assure maximum possible
> Accuracy of the information concerning the individual about whom
> The report relates

55. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy.

56.  Plaintiff paid off her mortgage with Chase in November 2009.

57.  Trans Union is reporting that her Chase account is currently 90 days past due date.

58.  If Trans Union had reasonable procedures, it would not allow an account to report as though the account is currently 90 days past due date, with a "0" balance, four (4) years after the account was paid off and brought current.  This account is reporting as though Plaintiff is currently 90 plus days past due, each and every month, including up to the date of this filing.  With this type of reporting, Plaintiff will never be able to make this account current for the required 12 months that it takes to be qualified for a home loan. DU Underwriting Findings, dated 8/9/2013, proves that this Chase account reports that Plaintiff is 90 plus days late as of 8/9/2013, even though the account was paid off and made current over four (4) years ago on November 25, 2009.  Trans Union lacks the procedures to avoid such faulty reporting.  Trans Union knows that this account is paid with their "date closed: 11/25/2009", the same date she paid off the account in full.  Trans Union also reports that the "last payment made: 08/17/2009", which is also wrong… last payment made was 11/25/2009, demonstrating their inaccuracy and sloppiness with their reporting.

59.  Trans Union's investigation process also lacks reasonable procedures.  It is on information and belief that Trans Union's investigation process into this dispute was nothing more than that they sent an ACDV to Chase to "verify" account information and continued to report bad credit information that Chase responded with.  The Fifth Circuit has made it clear that an ACDV/CDV is an inadequate investigation tool and does not rise to the level of investigation that Congress intended.  *Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993).*

60.  The ACDV/CDV is nothing more than a verification, not an investigation. In addition to Trans Union's lack of reporting procedures that would allow such an erroneous reporting but that Equifax's investigation process lacks the proper procedures as well. Plaintiff first contacted Equifax and Trans Union in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on information and belief that the account is still reporting inaccurately as of the date of this filing. The Defendants Trans Union and Equifax have been aware of the inaccurate reporting for one year when Plaintiff first contacted them and was re-disputed again in September 2013 and have failed to correct, they are willfully violating both Federal and State Reporting Acts.  Plaintiff was denied a home loan, as evidenced by the DU Findings, because of Defendants Trans Union and Equifax's conduct.   Plaintiff would have been qualified for the home loan if the account was reported accurately.

Under 15 U.S.C. §1681e(b) reads:

> (b )  Accuracy of the Report
>
> Whenever a consumer reporting agency prepares a consumer report it <u>shall</u> follow reasonable procedures as assure maximum possible

Accuracy of the information concerning the individual about whom
The report relates

61. Trans Union is currently violating 15 U.S.C. §1681i(a)(4), by not considering
and reviewing all of the relevant information that Plaintiff sent in with her dispute.
Plaintiff sent three documents to Trans Union, attached with her dispute to consider and
review to prove that the account was being reported inaccurately.   Plaintiff attached a
copy of the DU Underwriting Findings, Letter to Chase informing them in detail of the
reporting problems and a Notification of Action taken.  It is on information and belief
that Trans Union ignored Plaintiff's attachments to her dispute letter and followed
Chase's instruction to continue reporting, even in light of overwhelming evidence that the
account was being reported inaccurately.

And;

The section entitled  "Procedure in case of disputed accuracy" under 15 U.S.C.

§1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under
paragraph (1) with respect to disputed information in the file of any consumer,
the consumer reporting agency shall review and consider all relevant information
submitted by the consumer in the period described in paragraph (1)(A) with
respect to such disputed information.

62. Equifax is currently violating 15 U.S.C. §1681i(a)(4), by not considering and
reviewing all of the relevant information that Plaintiff sent in with her dispute.  Plaintiff
sent three documents to Equifax, attached with her dispute to consider and review to
prove that the account was being reported inaccurately.   Plaintiff attached a copy of the
DU Underwriting Findings, Letter to Chase informing them in detail of the reporting

19

problems and a Notification of Action taken. It is on information and belief that Equifax

ignored Plaintiff's attachments to her dispute letter and followed Chase's instruction to

continue reporting, even in light of overwhelming evidence that the account was being

reported inaccurately.

And;

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C.

§1681i(a)(4) reads:

(4) Consideration of consumer information. In conducting any reinvestigation under
paragraph (1) with respect to disputed information in the file of any consumer,
the consumer reporting agency shall review and consider all relevant information
submitted by the consumer in the period described in paragraph (1)(A) with
respect to such disputed information.

63.   The conduct of Equifax, Trans Union and Chase were a direct and

proximate cause, as well as a substantial factor in bringing about the serious injuries,

damages and harm to Plaintiff that are outlined above and, as a result, Defendants are

liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and

punitive damages, as well as such other relief, permitted by law.

## COUNT II—VIOLATION OF THE TEXAS CREDIT REPORTING ACT

## (TCRA)—TEXAS BUSINESS & COMMERCIAL CODE §20

64. Plaintiff incorporates the foregoing paragraphs and footnotes as though the

same were set forth at length herein

65. The Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code §

20.01(2)

66. Defendants Trans Union and Equifax are a Consumer Reporting Agency as defined by Tex. Bus. & Com. Code §20.01(5).

67. Defendants Trans Union and Equifax willfully and or negligently failed to follow dispute procedures violating Tex. Bus. & Com. Code § 20.06(a)&(d). Plaintiff disputed her account via her attorney, Plaintiff provided numerous documents proving the inaccurate account. Defendants did not provide an investigation, as intended by the TCRA, into Plaintiff's dispute, and did not delete the inaccurate information from Plaintiff's credit report, and as of 6/5/2014, the Trans Union and Equifax's is still reporting the Chase account as being 90 days past due as of 6/5/2014, even though Plaintiff paid off the account in its entirety in 2009. The account is reporting a $0 balance but 90 days past due on 6/5/2014. Not past due in 2009, but past due in 2014. It is impossible to have a $0 balance and still be currently 90 past due on a mortgage. Plaintiff first contacted Equifax and Trans Union in June 2013 and informed them of the problem and then Plaintiff's attorney disputed the account with a dispute letter dated September 3, 2013, as of 6/5/2014 it is still reporting inaccurately, it is on information and belief that the account is still reporting inaccurately as of the date of this filing. The Defendants Trans Union and Equifax have been aware of the inaccurate reporting for one year and have failed to correct, they are willfully violating both Federal and State Reporting Acts. If Defendants Trans Union and Equifax would have investigated this issue, they should have been able to determine that an account that was paid off in 2009, reporting a $0 balance, could not be currently 90 days late, five years after the account was completely paid off. Plaintiff was denied a home loan, as evidenced by the DU

Findings, because of Defendants Trans Union and Equifax's conduct.   Plaintiff would

have been qualified for the home loan if the account was reported accurately.

Tex. Bus. Com. Code §20.06. DISPUTE PROCEDURE. (a) If the completeness or
accuracy of information contained in a consumer's file is disputed by the
consumer and the consumer notifies the consumer reporting agency of the
dispute, the agency shall reinvestigate the disputed information free of
charge and record the current status of the disputed information not
later than the 30th business day after the date on which the agency
receives the notice.

And;

Tex. Bus. Com. Code §20.06. DISPUTE PROCEDURE (d) If disputed
information is found to be inaccurate or cannot be
verified after a reinvestigation under Subsection (a), the consumer
reporting agency, unless otherwise directed by the consumer, shall
promptly delete the information from the consumer's file, revise the
consumer file, and provide the revised consumer report to the consumer
and to each person who requested the consumer report within the preceding
six months. The consumer reporting agency may not report the inaccurate
or unverified information in subsequent reports.

        And;

        Tex. Bus. Com. Code §20.09.  CIVIL LIABILITY.  (a)  A consumer reporting
agency that willfully violates this chapter is liable to the consumer against whom the
violation occurs for the greater of three times the amount of actual damages to the
consumer or $1,000, reasonable attorney fees, and court or arbitration costs.
(b)  A consumer reporting agency that negligently violates this chapter is liable to the
consumer against whom the violation occurs for the greater of the amount of actual
damages to the consumer or $500, reasonable attorney fees, and court or arbitration costs.

## Count III: Defamation

68. Plaintiff incorporates the foregoing paragraphs as though the same were set

forth at length herein.

69. At times pertinent hereto, Defendants Trans Union, Equifax, Chase has and is

currently communicating and publishing statements on Plaintiff's credit report that are

false and negative representations concerning Plaintiff's credit information and history.

This statements have been devastating to Plaintiff's reputation, esteem and good will and

credit evaluation that caused serious damage. The Fair Credit Reporting Act allows for

Defamation if the false information was furnished with malice or willful intent. Plaintiff

informed Defendants Trans Union, Equifax and Chase that the account reporting was

seriously flawed.  All three Defendants have known for over one year that the account

was being reported inaccurately but have failed to correct.  Trans Union, Equifax and

Chase maliciously and willfully injured Plaintiff. These published statements made by

Trans Union, Equifax and Chase are false.

<u>EXEMPLARY DAMAGES</u>

70.  Plaintiff would further show that the acts complained herein of

Defendants Trans Union, Equifax, Chase were committed with malice, with gross

negligence and with the specific and predetermined intention at the expense of Plaintiff.

In order to punish said Defendant for such unconscionable overreaching and to deter such

actions in the future, Plaintiff also seeks recovery from Defendant for exemplary

damages as provided by Texas Civil Practice & Remedies Code  §41.001(5)

71. The conduct of Trans Union, Equifax, Chase are the direct and proximate

cause, as well as a substantial factor in bringing about the serious injuries, damages and

harm to the Plaintiff that are outlined above and, as a result, the Defendant is liable to

compensate the Plaintiff for the full amount of actual, statutory, compensatory and

punitive damages, as well as such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

72.  Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages

against the Defendants Equifax, Trans Union and Chase, based on the following

requested relief:

(a)  Actual damages pursuant to 15 U.S.C. §1681

(b)  Statutory damages pursuant to 15 U.S.C. §1681

(c)  Punitive damages pursuant to 15 U.S.C. §1681

(d)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o

(e)  Actual damages for negligently violating Tex. Bus. Com. Code §20.06

    pursuant to Tex. Bus. Com. Code §20.09

(f)  Three times actual damages for willfully violating Tex. Bus. Com. Code

    §20.06 pursuant to Tex. Bus. Com. Code §20.09

(g)  Statutory damages pursuant to Tex. Bus. Com. Code §20.09

(h)  Exemplary Damages pursuant to Texas Civil Practice & Remedies Code

    §41.001(5).

(i)  Costs and reasonable attorney's fees pursuant to Tex. Bus. Com. Code §20.09

(j)  Actual damages based on Defamation

(k)  Such other and further relief as may be necessary, just and proper.


Dated:  July 7, 2014


            Respectfully submitted,

/s/ Dennis McCarty
Dennis McCarty
ATTORNEY FOR PLAINTIFF
Mississippi Bar No. 102733
Federal Bar No. 993800
P.O. Box 111070
Carrollton, TX., 75011
Telephone: 817-704-3375
Fax (817) 887-5069
dmccartylaw@att.net
Phong Le
ATTORNEY FOR PLAINTIFF
Texas Bar No. 24043776
6633 Hillcroft, Tx 77081
Suite 221
Houston, Texas 77081
Telephone: 713-337-0670
Facsimile:  713-337-0671